O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John McAllister, individually and John McAllister, DDS, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Patterson Companies, Inc., Patterson Dental Supply, Inc., Patterson Dental and Sirona Dental Systems, LLC; and Does 1-50, inclusive, <br><br> Defendants. | CV 10-5413 RSWL (MANx) <br><br> **ORDER Re: Defendant Sirona Dental Systems, LLC's Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [27]** |

Defendant Sirona Dental Systems, LLC's Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [27] was set for hearing on February 22, 2011.  Having taken this matter under submission on February 18, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant Sirona Dental Systems, LLC's Motion to

1

Dismiss the Second Amended Complaint.

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). However, a party need not state the legal basis for his claim, only the facts underlying it. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

Defendant Sirona Dental Systems, LLC ("Defendant") moves to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant argues that Plaintiffs have failed to allege plausible claims against Defendant with regard to: (1) Plaintiffs' Second Cause of Action for Rescission; (2) Plaintiffs' Third Cause of Action for Negligence; (3) Plaintiffs' Fourth Cause of Action for Breach of Warranty of Merchantability; and (4) Plaintiffs' Fifth Cause of Action for Breach of Warranty of Fitness for Particular Purpose.[1]

---

[1] Defendant also argues the Court should dismiss Plaintiffs' First Cause of Action for Breach of Contract. However, as the Second Amended Complaint does not bring a Breach of Contract claim against Defendant, and Plaintiffs have explicitly stated in

2

As a preliminary matter, the Court hereby **GRANTS** Defendant's Request for Judicial Notice of the official transcript of this Court's hearing in this Action from December 14, 2010 ("Hearing Transcript") pursuant to Federal Rule of Evidence 201.  Fed. R. Evid. 201.  See also Phillips v. Bank of Am. Corp., 2011 WL 132861, at *3 (N.D. Cal. Jan. 14, 2011)(stating that a court may take judicial notice of matters of public record, including prior federal and state court proceedings).

### A.   Defendant's Motion To Dismiss As To The Second Cause Of Action For Rescission

The Court **DENIES** Defendant's Motion to Dismiss as to Plaintiffs' claim for Rescission.

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead the underlying facts to support a claim upon which relief may be granted.  See McCalden, 955 F.2d at 1223.  In California, a party to a contract may rescind the contract "[i]f the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds." Cal. Civ. Proc. Code § 1689(b)(2).  In order to state a claim for rescission, a plaintiff must therefore allege, among other elements, the existence of the

---

their Opposition that they are not bringing this claim against Defendant, the Court will not address Defendant's arguments here as to this first cause of action.

1  contract between the parties that is sought to be
2  rescinded.  See <u>Sharabianlou v. Karp</u>, 181 Cal. App. 4th
3  1133, 1145 (2010).
4      Here, the Court finds that Plaintiffs allege
5  sufficient facts to state a claim for Rescission at
6  this juncture.  While Defendant correctly points out
7  that the Second Amended Complaint states that the
8  contract underlying this Rescission claim was entered
9  into between Plaintiffs and Defendants Patterson
10 Companies, Inc., Patterson Dental Supply, Inc., and
11 Patterson Dental ("Defendants Patterson Companies"),
12 the Second Amended Complaint specifically alleges that
13 Defendants Patterson Companies acted as agents of
14 Defendant in advertising, marketing and selling the
15 defective items to Plaintiffs. (Second Amended
16 Complaint ("SAC") ¶ 3.)  As the Court must presume all
17 factual allegations of the Complaint to be true and
18 draw all reasonable inferences in favor of the non-
19 moving party, the Court finds that Plaintiffs have
20 sufficiently alleged that Defendant is also effectively
21 a party to this underlying contract as a result of this
22 alleged agency relationship. See <u>Klarfeld v. United
23 States</u>, 944 F.2d 583, 585 (9th Cir. 1991).
24     It should be noted that Plaintiffs have attached to
25 their Opposition various Exhibits consisting of
26 contract papers, websites images and advertisements in
27 support of their allegations here that an agency
28 relationship existed between Defendants Patterson and

Defendant. Defendant in turn has submitted various evidentiary objections to these Exhibits. However, as the Second Amended Complaint sufficiently alleges this agency relationship, and the Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court did not consider these Exhibits in making its ruling here. See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). As such, Defendant's evidentiary objections here with regard to these Exhibits need not be addressed.

Accordingly, Defendant's Motion to Dismiss Plaintiffs' claim for Rescission is **DENIED**.

B. <u>Defendant's Motion To Dismiss As To The Third Cause Of Action For Negligence</u>

The Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs' claim for Negligence.

In order to state a claim for negligence, a plaintiff must plead: (1) a legal duty of care toward the plaintiff; (2) a breach of that duty; (3) legal causation; and (4) damages. <u>Century Sur. Co. v. Crosby Ins., Inc.</u>, 124 Cal. App. 4th 116, 127 (2004). If a complaint lacks allegations of fact to show the defendant owed the plaintiff a legal duty of care, it is "fatally defective." <u>Crescent Woodworking Co., Ltd. v. Accent Furniture, Inc.</u>, 2005 WL 5925586, at *4 (C.D. Cal. Dec. 6, 2005).

The Court finds that Plaintiffs do not plead

sufficient facts to show that Defendant owed Plaintiffs an independent duty of care arising from tort law, as the allegations in the Second Amended Complaint are based exclusively on the alleged breach of contract. Specifically, the Second Amended Complaint discusses how Defendant breached its duty of care because the equipment sold to Plaintiffs was defective and did not work as advertised or intended.  Therefore, because California law precludes tort recovery for solely a non-insurance contract breach, the Court finds that the Second Amended Complaint fails to allege facts showing that Defendant owed Plaintiffs any legal duty of care. See Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 102 (1995). See also S.M. Wilson & Co. v. Smith Intern., Inc., 587 F.2d 1363, 1376 (9th Cir. 1978) (upholding the district court's dismissal of plaintiff's negligence claim because the claim was based on plaintiff's purchase of a defective product).

    The Court also finds that while the Second Amended Complaint alleges Defendant to be the manufacturer of these allegedly defective equipment, Plaintiffs do not allege facts to show that Defendant owed an independent duty of care arising from its role as a manufacturer, such as facts setting forth that Defendant owed a professional duty or that Plaintiffs suffered any physical injuries as a result of the equipment. Instead, the allegations contained in this Negligence claim revolve solely around the alleged breach of

1  contract.  Therefore, the Court finds that the mere
2  fact that Plaintiffs state that Defendant manufactured
3  the defective equipment is insufficient in and of
4  itself to show that Defendant owed Plaintiffs an
5  independent legal duty of care here.  See Seely v.
6  White Motor Co., 63 Cal. 2d 9, 18 (1965).
7       Given Plaintiffs fail to make a showing that
8  Defendant owed Plaintiffs a legal duty of care, the
9  Court finds that Plaintiffs' Second Amended Complaint
10 is "fatally defective" and therefore fails to plead
11 sufficient facts under a cognizable legal theory upon
12 which they can recover.  See Balistreri, 901 F.2d at
13 699.
14      Furthermore, the Court finds that granting leave to
15 amend would be futile.  The Court has given Plaintiffs
16 numerous opportunities to correct this Negligence claim
17 against Defendant, yet Plaintiffs still fail to
18 adequately state a claim for Negligence here despite
19 the Court's warning at the December 14, 2010 hearing in
20 this Action that should the Court find that the Second
21 Amended Complaint also fails to state a claim for
22 Negligence, the Court would dismiss the claim with
23 prejudice.  Accordingly, the Third Cause of Action for
24 Negligence against Defendant is hereby **DISMISSED WITH**
25 **PREJUDICE.**
26      C.   Defendant's Motion To Dismiss As To The Fourth
27           Cause Of Action For Breach Of Warranty
28           Of Merchantability

7

1    The Court **DENIES** Defendant's Motion to Dismiss as
2 to Plaintiffs' claim for Breach of Warranty of
3 Merchantability.
4    In California, "vertical privity is a prerequisite
5 ... for recovery on a theory of breach of implied
6 warrant[y] ... of merchantability." <u>In re NVIDIA GPU</u>
7 <u>Litig.</u>, 2009 WL 4020104, at *6 (N.D. Cal. Nov. 19,
8 2009)(quotation omitted).  As such, a plaintiff
9 asserting this cause of action "must stand in vertical
10 contractual privity with the defendant." <u>Clemens v.</u>
11 <u>DaimlerChrysler Corp.</u>, 534 F.3d 1017, 1023 (9th Cir.
12 2008).  Defendant asserts that Plaintiffs cannot
13 satisfy this vertical privity requirement, arguing
14 Plaintiffs do not allege any direct dealing with
15 Defendant.
16    The Court finds that Plaintiffs have pled
17 sufficient facts to state a claim for Breach of
18 Warranty of Merchantability against Defendant.  The
19 Court finds that the Second Amended Complaint
20 sufficiently alleges the existence of an agency
21 relationship between Defendants Patterson and
22 Defendant.  As a result, the Second Amended Complaint
23 adequately alleges that Plaintiffs stand in vertical
24 contractual privity with Defendant and therefore,
25 Plaintiffs' claim survives a Rule 12(b)(6) motion to
26 dismiss at this point in time.
27    Accordingly, Defendant's Motion to Dismiss
28 Plaintiffs' claim for Breach of Warranty of

Merchantability is **DENIED**.

### D. Defendant's Motion To Dismiss As To The Fifth Cause Of Action For Breach Of Warranty Of Fitness For Particular Purpose

The Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs' claim for Breach of Warranty of Fitness for Particular Purpose.  Plaintiffs have twenty days with which to amend their claim.

In California, in order to prevail on a claim for breach of an implied warranty of fitness for particular purpose the following elements must be shown: (1) at the time of purchase the buyer intended to use the goods for a particular purpose; (2) at the time of purchase, the manufacturer or seller had reason to know of this particular purpose; (3) the buyer relied on the manufacturer or seller to use its skill or judgment to select goods suitable for the particular purpose; and (4) at the time of purchase, the manufacturer or seller had reason to know that the buyer relied on such skill and judgment.  Harlan v. Roadtrek Motorhomes, Inc., 2009 WL 928309, at *8 (S.D. Cal. Apr. 2, 2009)(citing Keith v. Buchanan, 173 Cal. App. 3d 13, 25 (1985)).  "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are

1  customarily made of the goods in question." Am. Suzuki
2  Motor Corp. v. Super. Ct., 37 Cal. App. 4th 1291, 1295
3  (1995)(quotations omitted).
4       The Court finds that Plaintiffs fail to allege a
5  specific use here that is peculiar to Plaintiffs'
6  intended use of the dental equipment.  Instead, the
7  Second Amended Complaint merely alleges that this
8  equipment was not fit for the purpose for which it was
9  purchased because the equipment failed in its normal
10 use. (SAC ¶ 7.)  However, courts have consistently held
11 that these types of conclusory allegations are
12 insufficient to state a claim for breach of implied
13 warranty of fitness for particular purpose. See, e.g.,
14 Harlan, 2009 WL 928309, at *9.  As such, because
15 Plaintiffs do not set forth facts alleging that they
16 intended to use or used the equipment for anything
17 other than its ordinary purpose, the Court **GRANTS**
18 Defendant's Motion to Dismiss as to this cause of
19 action.
20      However, the Court grants Plaintiffs leave to amend
21 as to this cause of action because Plaintiffs may be
22 able to allege facts to support a claim for Breach of
23 Warranty of Fitness for Particular Purpose.
24 DATED: March 3, 2011
25 **IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge