O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

John McAllister, individually and John McAllister, DDS, Inc.,

Plaintiffs,

v.

Patterson Companies, Inc., Patterson Dental Supply, Inc., Patterson Dental and Sirona Dental Systems, LLC; and Does 1-50, inclusive,

Defendants.

CV 10-5413 RSWL (MANx)

**ORDER Re: Defendants Patterson Companies, Inc. and Patterson Dental Supply, Inc.'s Motion for Judgment on the Pleadings under Rule 12(c) [50]**

Defendants Patterson Companies, Inc. and Patterson Dental Supply, Inc.'s (collectively, "the Patterson Defendants") Motion for Judgment on the Pleadings under Rule 12(c) [50] came on for regular calendar before the Court on May 7, 2012. Having reviewed all papers and arguments submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS IN PART** and **DENIES IN PART** the Patterson Defendants' Motion for Judgment on the

Pleadings.

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate under Rule 12(c) when the moving party establishes on the face of the pleadings that there are no issues of material fact and that it is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990); Gen. Conference Corp. v. Seventh-Day Adventist Church, 887 F.2d 228, 230 (9th Cir. 1989).

All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. Gen. Conference, 887 F.2d at 230. Uncontested allegations, however, to which a party had an opportunity to respond are taken as true. Flora v. Home Fed. Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982). A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. Gen. Conference, 887 F.2d at 230. The motion must be denied unless it appears "to a certainty" that no relief is possible under any state of facts the plaintiff could prove in support of its claim. Mostowy v. United States, 966 F.2d 668, 672 (Fed. Cir. 1992).

The Patterson Defendants bring the present Motion

alleging that Plaintiffs John McAllister and John McAllister, DDS, Inc.’s (“Plaintiffs”) claims for negligence, breach of contract, rescission, breach of warranty of merchantability, and breach of warranty of fitness for a particular purpose fail as a matter of law.

As a preliminary matter, the Court hereby **OVERRULES as moot** the Patterson Defendants’ evidentiary objections. The material submitted by Plaintiffs constitute material that is outside of the pleadings, which is inappropriate for the Court to consider on a motion for judgment on the pleadings. Thus, the Court does not consider any of the additional materials submitted by Plaintiffs. However, the Parties’ contract, submitted by the Patterson Defendants as Exhibit D to the Declaration of Ashley Bennett, shall be considered by the Court pursuant to the doctrine of incorporation by reference. Said v. Encore Sr. Living LLC, No. 11-1033, 2012 WL 602210, at *3 (C.D. Cal. Feb. 24, 2012).

In addition, the Court **DENIES** the request for sanctions because the Patterson Defendants have not met their burden to prove that sanctions are appropriate here. While it is true that Plaintiffs have violated Central District Local Rule 7-11 and could be subject to sanctions under Local Rule 7-13, the Patterson Defendants have not shown any prejudice as a result of Plaintiffs’ actions. The untimely filed Supplemental

Declaration of John McAllister has not been considered by this Court, as it contains evidence outside the pleadings. Additionally, the Patterson Defendants have not met their burden to show that the Protective Order has in fact been violated.

Finally, the Court **GRANTS** the Patterson Defendants' request for judicial notice of the Parties' Protective Order. Courts may take judicial notice of facts which are "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(c). Here, the Parties' Protective Order was issued by this Court and is listed on the docket [49] and can therefore be readily determined from a source whose accuracy cannot be questioned.

A. The Patterson Defendants' Motion for Judgment on the Pleadings as to the First Claim for Breach of Contract

The Court **DENIES** the Patterson Defendants' Motion as to Plaintiffs' claim for breach of contract.

The Court notes that the Parties cite to California law in their respective arguments regarding this issue, but the Parties' contract, executed on June 7, 2006 (the "June contract"), explicitly states that the

agreement shall be governed by Minnesota law. Therefore, the Court will apply Minnesota law where relevant.

"In order to state a claim for breach of contract, the plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011) (noting that the Minnesota Supreme Court has recognized that a plaintiff may not need to allege damages for a breach of contract claim). In the Third Amended Complaint ("TAC"), Plaintiffs allege all necessary elements of a breach of contract claim. It is alleged that the Patterson Defendants breached the June contract by failing to provide working equipment and failing to repair the equipment, the latter of which was expressly required of the Patterson Defendants pursuant to the terms of the agreement.

In addition, though Plaintiffs may not need to plead damages under Minnesota law, the damages element of Plaintiffs' breach of contract claim is nevertheless properly pled. While the Patterson Defendants correctly point out that the June contract shows an order for $159,716.34, and therefore it is unclear as to how Plaintiffs derive the claimed amount of $347,030.54, Plaintiffs do allege damages here, and it

is not necessary to provide a precise measure of damages at the pleading stage. While "[a]llegations of damages are essential" in a complaint, "they do not constitute the cause of action." Wright v. Brush, 115 F.2d 265, 267 (10th Cir. 1940). Therefore, the Court finds that the Patterson Defendants' arguments are without merit, and judgment cannot be entered in their favor merely because the basis for the amount of damages might be unclear.

The Patterson Defendants also point to the disclaimers of warranty and liability as support for why Plaintiffs' breach of contract claim fails but do not specify how these disclaimers can prevent Plaintiffs from bringing a breach of contract claim. The very purpose of a contract is to create liability in the event of a potential breach, and thus, it would be illogical to argue that a contract could completely exclude liability for breach of contract.

Therefore, the Court hereby **DENIES** the Patterson Defendants' Motion as it pertains to Plaintiffs' breach of contract claim.

B. The Patterson Defendant's Motion for Judgment on the Pleadings as to the Second Claim for Rescission

The Court hereby **DENIES** the Patterson Defendants' Motion as to Plaintiffs' claim for rescission. A party to a contract may rescind the contract "[i]f the consideration for the obligation of the rescinding

party fails, in whole or in part, through the fault of the party as to whom he rescinds." Cal. Civ. Code § 1689(b)(2). "[U]pon rescission all parties are to return those things of value which they have received and they are to be put in status quo." B.L. Metcalf Gen. Contractor, Inc. v. Earl Erne Inc., 212 Cal. App. 2d 689, 694 (1963). Plaintiffs have alleged the existence of a contract and a complete failure of the consideration that the Patterson Defendants provided, i.e. the dental equipment sold to Plaintiffs. Therefore, the Court **DENIES** the Patterson Defendants' Motion as it pertains to Plaintiffs' claim for rescission.

C. The Patterson Defendants' Motion for Judgment on the Pleadings as to the Third Claim for Negligence

The Court **GRANTS with prejudice** the Patterson Defendants' Motion as to Plaintiffs' claim for Negligence.

In order to state a claim for negligence, a plaintiff must plead: (1) a legal duty of care toward the plaintiff; (2) a breach of that duty; (3) legal causation; and (4) damages. Century Sur. Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116, 127 (2004). If a complaint lacks allegations of fact to show the defendant owed the plaintiff a legal duty of care, it is "fatally defective." Crescent Woodworking Co., Ltd. v. Accent Furniture, Inc., 2005 WL 5925586, at *4 (C.D.

Cal. Dec. 6, 2005).

As noted in the Court's orders for the previous motions to dismiss in this Action, under California law, tort recovery is precluded for a non-insurance contract breach. Freeman & Mills, Inc., 11 Cal. 4th at 103; see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994) (stating that "an omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty") (quotation omitted). Therefore, Plaintiffs' TAC must allege an independent duty arising from principles of tort law other than just a breach of the June contract in order to state a claim for negligence.

However, the Court finds that the TAC does not allege an independent duty of care arising from tort law. While the TAC adds some new language to the negligence claim, the claim still arises out of the same facts that form the basis of the breach of contract claim: the purchase and sale of defective equipment. The TAC states that the Patterson Defendants breached their duty of care to Plaintiffs because "the items sold to [P]laintiffs did not work as advertised and as intended," and failed to use the degree of care and skill normally used by companies in their position because the equipment sold was relatively untested in the dental business and did not have a known history of performance. TAC ¶ 5. This

claim still arises out of the alleged breach of contract, as it revolves around the fact that the Patterson Defendants did not provide the proper goods as required by the terms of the contract. The TAC still does not allege any facts showing that Plaintiffs suffered from personal injury, professional fraud, or any other facts that could give rise to an independent, non-contractual, duty owed by the Patterson Defendants. See Erlich v. Menezes, 21 Cal. 4th 543, 551-52 (1999) (noting how tort damages have been permitted in contract cases where the breach of duty "directly causes physical injury").

Furthermore, the Court finds that granting leave to amend would be futile. The Court has given Plaintiffs numerous opportunities to correct the negligence claim against the Patterson Defendants and Defendant Sirona Dental Systems, LLC, yet Plaintiffs still fail to adequately state a claim for negligence. Accordingly, the Third Claim for Negligence against the Patterson Defendants is hereby **DISMISSED with prejudice.**

D. The Patterson Defendants' Motion for Judgment on the Pleadings as to the Fourth and Fifth Claims for Breach of Warranty of Merchantability and Breach of Warranty of Fitness for Particular Purpose

The Court **GRANTS with prejudice** the Patterson Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' claims for Breach of Warranty of

Merchantability and Breach of Warranty of Fitness for Particular Purpose.

The Court notes that the Parties cite to the California Commercial Code in their respective arguments regarding this issue, but, as discussed above, the June contract explicitly states that the agreement shall be governed by Minnesota law. Both California and Minnesota have adopted the UCC, and thus, the law is effectively the same regardless of whether the Court applies California or Minnesota law. Pursuant to the Minnesota Uniform Commercial Code, a sales contract may exclude or modify an implied warranty of merchantability by mentioning "merchantability," and if in writing, the writing must be conspicuous. Minn. Com. Code § 336.2-316(2). An implied warranty of fitness for a particular purpose may be excluded or modified by a conspicuous writing. Id. A writing is conspicuous if "a reasonable person against whom it is to operate ought to have noticed it." Minn. Com. Code § 336.1-201(10). It is a decision for the court whether a term is conspicuous or not. Id. The Minnesota Commercial Code provides two examples of "conspicuous" terms: (1) a heading in capitals or contrasting type, font, or color and (2) language in the body of the text that is set off in some way or is in contrasting type, font, or color. Id. at § 336.1-201(10)(A-B).

Here, the June contract contains two separate

disclaimers of warranties. The second page of the contract contains language stating that Patterson Dental Supply, Inc. makes no representations or warranties, including "warranties of merchantability or fitness for a particular purpose." Just below this language, the contract also states in all capital letters that it is subject to the attached warranty terms and limitations. The third page of the June contract includes the same disclaimer of warranty, again mentioning specifically "merchantability" and "fitness for a particular purpose." This language is set off in bold as compared to the remaining text on the third page.

Because the disclaimer of warranties language complies with the requirements of the Minnesota Commercial Code, the Court finds that any warranties of merchantability and fitness for a particular purpose have been validly disclaimed by the June contract. A reasonable person looking over this contract would notice the disclaimers of warranties. The June contract is only four pages long, contains relatively little text, and is written in clear, understandable language. Also, the full disclaimers are repeated twice in only four pages, and attention is called to them by a short heading written in all capital letters that is placed directly above the signature line. Therefore, the Court **GRANTS** the Patterson Defendants' Motion for Judgment on the Pleadings as to Plaintiffs'

claims for breach of warranty of merchantability and breach of warranty of fitness for particular purpose. Plaintiffs have not provided any facts that could support a claim that the warranty disclaimers should not be upheld; therefore, the Court finds that it would be futile to allow additional amendment of Plaintiffs' claims. As such, Plaintiffs' claims for breach of warranty of merchantability and breach of warranty of fitness for particular purpose are **DISMISSED with prejudice**.

E. The Patterson Defendants' Motion for Judgment on the Pleadings as to Defendant Patterson Companies, Inc.'s Liability

The Court **DENIES** the Patterson Defendants' Motion as to Defendant Patterson Companies, Inc.'s liability. The Patterson Defendants argue that Defendant Patterson Companies, Inc. should be dismissed from this Action entirely because it is merely the parent company of Patterson Dental and is not liable for the actions of its subsidiaries. The TAC has alleged that Defendant Patterson Companies, Inc., not just Patterson Dental, also engaged in the same conduct that gave rise to this suit. Because all factual allegations by the opposing party must be taken as true, the Court finds that a judgment on the pleadings is inappropriate here. General Conference, 887 F.2d at 230. Therefore, the Court **DENIES** the Patterson Defendants' Motion as to Defendant Patterson Companies, Inc.'s liability.

F. Conclusion

The Court **GRANTS in part** and **DENIES in part** the present Motion for Judgment on the Pleadings. The Court **DENIES** the Patterson Defendants' Motion for Judgment on the Pleadings as to the first and second claims for breach of contract and rescission. The Court also **DENIES** the Motion as to Defendant Patterson Companies, Inc.'s liability.

The Court **GRANTS with prejudice** the Patterson Defendants' Motion as to Plaintiffs' negligence claim and claims for breach of warranties of merchantability and fitness for particular purpose.

**IT IS SO ORDERED.**

DATED: May 15, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge